IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JEFFERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-2374 |
| : | |
| GEORGE M. LITTLE, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**McHUGH, J.**                                                                                          **August 12, 2022**

*Pro se* Plaintiff Richard Jefferson is a prisoner at SCI Phoenix. He filed this civil rights action pursuant to 42 U.S.C. § 1983 and asserts claims against prison officials for failing to protect him from a violent inmate. Mr. Jefferson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Jefferson leave to proceed *in forma pauperis* and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Mr. Jefferson's claims will be dismissed without prejudice, he will be granted the option of filing a second amended complaint.[1]

---

[1] Mr. Jefferson has filed three Complaints in this matter: one each at ECF No. 1, ECF No. 5, and ECF No. 7. The Court will treat the pleading at ECF No. 5 as the "Amended Complaint" and the operative pleading for purposes of screening under § 1915(e). Jefferson filed the Amended Complaint less than two weeks after he filed his original Complaint at ECF No. 1. Federal Rule of Civil Procedure 15 permits Jefferson to amend his Complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). The Defendants named in the Amended Complaint are also named in the original Complaint. The only difference between the two pleadings is that in the Amended Complaint, Jefferson requests injunctive relief in addition to money damages. Jefferson subsequently filed another pleading at ECF No. 7, which purports to be another amended complaint. However, there is no substantive difference between the pleading at ECF No. 7 and the Amended Complaint at ECF No. 5. Jefferson merely changed the order by which he lists the Defendants.

I. **FACTUAL ALLEGATIONS**

Mr. Jefferson's Amended Complaint names the following Defendants associated with SCI Phoenix: (1) George Little, Secretary of the PA Department of Corrections; (2) Jamie Sorber, Superintendent at SCI Phoenix; (3) Jamie Luquis, Unit Manager on D-Unit, and (4) Mr. Grenevich, Unit Manager on D-Unit. (Compl. at 2-3.)[2] Jefferson alleges that "prison officials" failed to protect him from an assault committed by his cellmate from cell 1018 on D-Unit. (*Id*. at 4, 9.) Jefferson "complained to prison officials" about threats made against his life by this inmate but claims his "pleas for help were ignored" and he was assaulted by the inmate on November 19, 2021. (*Id*. at 5.) The inmate "tried to take [Jefferson's] life." (*Id*.) As a result of this incident, Jefferson suffered "psychological trauma," an abrasion scar in his left eye, and three fractured ribs. (*Id*. at 5.) He was transported to Wills Eye Hospital and then to Jefferson Hospital, where he was treated for six days. (*Id*.)

Based on these allegations, Mr. Jefferson asserts Eighth Amendment claims under § 1983. He seeks money damages and an injunction requiring that he be placed in a single cell until he recovers from the "mental and spiritual trauma" caused by the assault. (*Id*.)[3]

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] To the extent that Jefferson seeks to bring claims for money damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity."); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). However, the Eleventh Amendment does not bar official capacity claims against state officials where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

**II.     STANDARD OF REVIEW**

The Court grants Jefferson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Jefferson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Mr. Jefferson asserts Eighth Amendment claims against the Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[4] However, Jefferson will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Mr. Jefferson alleges that his requests of Defendants to protect him from an inmate's violent threats went ignored and that as a result, he was assaulted by the inmate and suffered injuries from the assault. The Court understands him to be asserting Eighth Amendment failure-to-protect claims against each of the named Defendants. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and must take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). The Eighth Amendment's proscription against the infliction of cruel and unusual punishment "has been interpreted to impose a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 834).

To state a plausible failure-to-protect claim under the Eighth Amendment, Jefferson must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious

harm; and (3) the official's deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Mr. Jefferson must allege that the prison officials personally "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 125.

Jefferson fails to plausibly allege that any of the named Defendants were deliberately indifferent to his safety. As noted above, an individual must be personally involved in violating a plaintiff's rights to be liable under § 1983. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Mr. Jefferson states in general terms that he "complained to prison officials" about the "threats [to] his life by an inmate" with whom he shared a cell and that his "pleas for help were ignored," (Compl. at 5), but he does not describe how each of the specifically-named Defendants was involved in this alleged violation of his rights. Jefferson does not allege facts showing how each Defendant knew of or was made aware of the threats to Jefferson, and what actions they took to disregard that risk to his safety. Instead, Jefferson refers to "prison officials" collectively as violating his Eighth Amendment rights, without clarifying the specific involvement by each Defendant. This is insufficient to state a plausible constitutional claim under §1983. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific

5

conduct alleged by the plaintiff). *See Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (*per curiam*) (finding that plaintiff failed to allege deliberate indifference by prison official where the complaint "sets forth no facts to suggest that [the prison official] knew that [the inmate] would attack the plaintiff").

*Bistrian*, cited above, demonstrates what is required to state a claim, (finding deliberate indifference plausibly stated where the plaintiff alleged that he "repeatedly advised [both orally and in writing]" specifically-named prison officials about the threat of violence by another inmate). 696 F.3d at 369 Accordingly, the Amended Complaint fails to state Eighth Amendment claims against any Defendant.[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Jefferson's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Jefferson's allegations are serious, as prison officials have a duty to protect those in custody. Considering Jefferson's *pro se* status, he will be given the option of filing a second amended complaint in the event he can cure the defects the Court has noted.

---

[5] To the extent that Jefferson brings claims against some of the Defendants based solely on their involvement in denying his grievance, such claims are not viable. This is because participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation. *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants . . . who participated only in the denial of [the plaintiff]'s grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of [the plaintiff]'s prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").

An appropriate Order follows.

                                          **BY THE COURT:**

                                      **s/Gerald Austin McHugh**
                                      **United States District Judge**