IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD JEFFERSON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2374 |
| | : | |
| **GEORGE M. LITTLE,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

This 12th day of August, 2022, upon consideration of Plaintiff Richard Jefferson's Motions to Proceed *In Forma Pauperis* (ECF Nos. 4, 8), Prisoner Trust Fund Account Statement (ECF No. 6), and *pro se* Amended Complaint (ECF No. 5), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Richard Jefferson, # AH-9348, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jefferson's inmate account; or (b) the average monthly balance in Jefferson's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI Phoenix or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jefferson's inmate trust fund account exceeds $10.00, the Superintendent of SCI Phoenix or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Jefferson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4.  The Complaint is **DEEMED** filed.

5.  For the reasons stated in the Court's Memorandum, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6.  Mr. Jefferson may file a second amended complaint within thirty (30) days of the date of this Order in the event he can state a plausible failure-to-protect claim against any defendant involved in that alleged violation of his rights. Any second amended complaint shall identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Jefferson's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 22-2374. Jefferson may refer to a defendant by last name only if that is the only identifying information possessed. If Jefferson wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] If Mr. Jefferson files a second amended complaint, his second amended complaint must be a complete document that includes all of the bases for Jefferson's claims. Claims that are not included in the second amended complaint will not be considered part of this case. When drafting his second amended complaint, Jefferson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any second amended complaint that Jefferson may file.

7.  The Clerk of Court is **DIRECTED** to send Jefferson a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jefferson may use this form to file his amended complaint if he chooses to do so.[2]

8.  If Jefferson does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.  If Jefferson fails to file any response to this Order, the Court will conclude that Jefferson intends to stand on his Amended Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

s/Gerald Austin McHugh
**U.S.D.J.**

---

comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).