IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD JEFFERSON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-2374** |
| | : | |
| **GEORGE M. LITTLE,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                                      **OCTOBER 24, 2022**

This is an action brought by a *pro se* prisoner alleging Eighth Amendment violations against SCI Phoenix prison officials for failing to protect him from a violent inmate. The Court previously granted Jefferson *in forma pauperis* status and dismissed his claims without prejudice. Jefferson has returned with a Third Amended Complaint. For the following reasons, the Court will dismiss in part his Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. Jefferson's First Amendment retaliation claim against Defendant Luquis and his Eighth Amendment failure to protect claims against Defendants Luquis, Grenevich, Major Clark and Major Terra pass statutory screening and will proceed to service. Mr. Jefferson's remaining claims will be dismissed.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Mr. Jefferson commenced this action by filing a Complaint in June 2022. (ECF No. 1.) Less than two weeks later he filed an Amended Complaint (ECF No. 5), which superseded his original Complaint.[1] In an August 12, 2022 Memorandum and Order, the Court granted

---

[1] The Court treated the Amended Complaint as the operative pleading for purposes of screening under § 1915(e). "In general, an amended pleading supersedes the original pleading

Jefferson leave to proceed *in forma pauperis* and dismissed his Amended Complaint upon screening.  *See Jefferson v. Little*, No. 22-2374, 2022 WL 3357487, at *1 (E.D. Pa. Aug. 12, 2022).  Jefferson's Amended Complaint named the following Defendants:  (1) George Little, Secretary of the PA Department of Corrections; (2) Jamie Sorber, Superintendent at SCI Phoenix; (3) Jamie Luquis, Unit Manager on D-Unit, and (4) Mr. Grenevich, Unit Manager on D-Unit.  (Am. Compl. at 2-3.)[2]  He asserted Eighth Amendment claims under to 42 U.S.C. § 1983, alleging that "prison officials" failed to protect him from an assault committed by his cellmate on the D-Unit.  (*Id*. at 4, 9.)  The Court concluded that Jefferson failed to state plausible failure to protect claims because he alleged in general terms what had happened to him but did not "describe how each of the specifically-named Defendants was involved" in the alleged constitutional harm.  *Jefferson*, 2022 WL 3357487, at *3.  The Court thus dismissed the Amended Complaint without prejudice and permitted Jefferson to file an amended complaint to cure the defects noted by the Court.  *Id*.

Mr. Jefferson returned with a Second Amended Complaint.  (ECF No. 13.)  In addition to the four Defendants named in his Amended Complaint, Jefferson also names the following six Defendants:  (1) Major Henseley, "present day Major . . . of inmates housing"; (2) Major Clark, "ex-Major of . . . inmates housing"; (3) Major Terra, the "ex-Major of . . . the Guards"; (4) A. Matteo, "head psychologist"; (5) Correctional Officer Rodolf; and (6) Correctional Officer Tucker.  (2nd Am. Compl. at 1, 3.)  Jefferson alleges in his Second Amended Complaint that

---

and renders the original pleading a nullity."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  "Thus, the most recently filed amended complaint becomes the operative pleading."  *Id*.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

Defendants failed to protect him against an "unhinged" inmate, who was placed with him as a means of retaliating against him for filing grievances against prison officials.  (*Id*. at 7-9.)

Less than two weeks after filing his Second Amended Complaint and before the Court could screen the pleading under § 1915(e), Jefferson filed another amended complaint, which included a completed copy of the Court's standard form complaint for violations of civil rights and a "memorandum to replead the remaining issues."  (*See* ECF No. 14.)  The Court construes this document as the Third Amended Complaint, which supersedes the Second Amended Complaint in its entirety, and serves as the operative pleading for purposes of the Court's screening pursuant to § 1915(e).  In the Third Amended Complaint, Jefferson asserts claims against one additional Defendant – Lieutenant John Doe #1 – and abandons his claims against three Defendants – Correctional Officer Rodolf, Correctional Officer Tucker, and Matteo, the psychologist.[3]   (3d Am. Compl. at 3-8.)[4]

In the Third Amended Complaint, Jefferson alleges that his requests of Defendants to protect him from an inmate's violent threats went ignored and that as a result, he was assaulted by the inmate and suffered injuries from the assault.  (*Id*. at 7-8, 20.)  Jefferson is 73 years old.

---

[3] Jefferson, who represents himself *pro se*, may not have appreciated that by filing the Third Amended Complaint, he abandoned allegations and defendants included in the Second Amended Complaint.  *See Garrett*, 938 F.3d at 82; *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (stating that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").  In addition, the Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).  Accordingly, the Court must treat the Third Amended Complaint as the operative pleading.

[4] Jefferson also names two "corroborating witnesses" in the Third Amended Complaint.  (3d Am. Compl. at 4, 5.)  Since it is apparent that these individuals are identified as "witnesses," they will not be considered parties to this case.

(*Id*. at 8.)  On November 19, 2021, he was assaulted by inmate # NS8212 with whom he shared a cell.  (*Id*. at 7, 8.)  Jefferson's cellmate hit him with an object from behind, "gouged" Jefferson's eye with this thumb, and then "stomped, kicked, and brutally assaulted" him.  (*Id*. at 20.)  As a result of the attack, Jefferson suffered a "massive left corneal abrasion" and three fractured ribs and was treated at the hospital for his injuries.  (*Id*. at 20.)

Prior to the assault, Jefferson repeatedly asked his unit manager, Luquis, to move inmate # NS8212 out of his cell because his cellmate was "mentally unhinged," "dangerous," and "kept threatening" Jefferson.  (*Id*. at 7-8.)  Luquis was allegedly responsible for placing inmate # NS8212 in Jefferson's cell and denied Jefferson's requests to have his cellmate moved.  (*Id*. at 17.)  Jefferson alleges that Luquis placed inmate # NS8212 and other "hot-headed inmates" with Jefferson "hoping they would assault [him]" in retaliation for grievances Jefferson filed against Luquis and two correctional officers, Rodolf and Tucker.  (*Id*. at 7.)  Jefferson alleges that he told Luquis that Rodolf and Tucker threatened him after Jefferson filed grievances against the officers for failing to take him to the prison infirmary when he suffered two "diabetic attack[s]."[5] (*Id*.)  When Luquis failed to address Rodolf and Tucker's threats, Jefferson also filed a grievance against Luquis.  (*Id*.)  At one point, when the "retaliation and retribution" by Rodolf and Tucker "became so intense," Jefferson, in an effort to "make some peace" with the correctional officers, reached out to Lieutenant John Doe #1, who told Jefferson he would talk to the two officers on his behalf.  (*Id*.)  Lieutenant Doe also suggested to Jefferson that he "write to [the] superintendent . . . concerning [the] retaliation," which Jefferson alleges he did.  (*Id*. at 7.)

---

[5] Jefferson does not provide as much background in his Third Amended Complaint as he does in his Second Amended Complaint.  The Second Amended Complaint indicates that his issues with Rudolf and Tucker allegedly denying him care and retaliating against him began in October and November 2018.  (ECF No. 13 at 4, 12-18.)

Mr. Jefferson also reached out to his other unit manager, Grenevich, prior to the assault. (*Id*. at 7.) On more than on occasion, Jefferson "begged" Grenevich to transfer inmate #NS-8212 to a different cell because the cellmate's threats caused Jefferson to "fear[] a substantial risk of serious harm." (*Id*.) Grenevich told Jefferson that inmate # NS-8212 was a "troublemaker" and that Grenevich "would find somewhere to put him." (*Id*.) This apparently did not happen prior to the assault. (*Id*.)

Mr. Jefferson also alleges that he complained to "two top officials," Major Clark and Major Terra, prior to the assault. (*Id*. at 5.) Jefferson sent "memos and grievances" to the Majors and had his family place telephone calls to them about Jefferson's fear of an "imminent attack" from his cellmate. (*Id*.) Jefferson attaches as an exhibit to the Third Amended Complaint, a letter he sent to Major Clark and Major Terra dated December 8, 2021. (*See id*. at 19.) The letter describes the assault by his cellmate and requests single-cell status. (*Id*.) At some point after the assault, Major Henseley placed another "mentally unhinged" and "dangerous" cellmate, inmate # GC-1771, with Jefferson. (*Id*. at 8.) Jefferson submitted a grievance to Major Hensley requesting single-cell status but Henseley denied the grievance, noting that Jefferson "does not meet the criteria for single cell status," and that Jefferson is "currently housed appropriately." (*Id*. at 23.)

Based on these allegations, Jefferson asserts constitutional claims for retaliation and failure to protect. For relief, Jefferson requests "prospective injunctive relief" for the Court to order that he "live in a single cell" to recover from the assault from which he suffered. (*Id*. at 2.) Jefferson states that if the Court served "as an intermediary, ordering a single cell as a protection for any future attacks," then he will "withdraw any actual damages and/or punitive damages claimed." (*Id*. at 10.)

5

## II.  STANDARD OF REVIEW

As Jefferson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Third Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jefferson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

Mr. Jefferson asserts Eighth Amendment failure to protect claims and First Amendment retaliation claims against the Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of

6

each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Eighth Amendment Failure to Protect Claims against Luquis, Grenevich, Major Clark, and Major Terra

Mr. Jefferson brings Eighth Amendment failure to protect claims against Luquis, Grenevich, Major Clark, and Major Terra based on allegations that he was assaulted by his cellmate because these Defendants failed to take heed of his requests for protection from the cellmate's violent threats. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, which includes an obligation to take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, the Eighth Amendment's proscription against the infliction of cruel and unusual punishment "has been interpreted to impose a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 834).

To state a plausible failure-to-protect claim under the Eighth Amendment, Jefferson must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256

7

F.3d 120, 125 (3d Cir. 2001).  Jefferson must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135.  "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 125.

Mr. Jefferson alleges that prior to being assaulted by his cellmate, he repeatedly complained to Luquis and Grenevich that his cellmate, inmate # NS8212, "kept threatening" him.  (3d Am. Compl. at 7, 17.)  He went to Grenevich on more than one occasion and "begged" him to transfer his cellmate to a different cell because Jefferson was fearful of him.  (*Id*. at 7.) Jefferson also wrote letters to Major Clark and Major Terra asking for inmate # NS8212 to be transferred and had his family call the Majors to express his fear of an imminent attack from his cellmate. Luquis, Grenevich, Major Clark, and Major Terra did nothing in response to Jefferson's complaints and requests and on November 19, 2021, Jefferson was assaulted by his cellmate and sent to the hospital with a "massive corneal abrasion" and three fractured ribs.  (*Id*. at 20.)  Jefferson has plausibly alleged that his continued placement with inmate # NS8212 posed a substantial risk of serious harm and that Luquis, Grenevich, Major Clark, and Major Terra acted with deliberate indifference to that risk of serious harm.  Accordingly, the Eighth Amendment failure to protect claims against Luquis, Grenevich, Major Clark, and Major Terra pass statutory screening and will be served for a responsive pleading.

      **B.**      **First Amendment Retaliation Claims**

Mr. Jefferson also asserts a First Amendment retaliation claim against Luquis.  To state a plausible First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *Rauser v.*

*Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). A prisoner's filing of a grievance constitutes constitutionally protected conduct. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Mr. Jefferson alleges that shortly after he filed a grievance against Luquis and correctional officers Rodolf and Tucker, Luquis placed "the most worst kind of hot-headed inmates into a cell with [Jefferson] . . . hoping they would assault" him. (3d Am. Compl. at 18.) Jefferson alleges that Luquis placed "mentally unhinged" cellmates with him in retaliation for Jefferson's filing of grievances against Luquis, Rodolf and Tucker. One of these cellmates placed by Luquis was ultimately responsible for "brutally assault[ing]" Jefferson in November 2021. (*Id*. at 20.) Construing the allegations liberally and drawing all reasonable inferences in Jefferson's favor, the Court concludes that the First Amendment retaliation against Luquis passes statutory screening and will be served for a responsible pleading

### C. Claims against Major Henseley

Mr. Jefferson also purports to assert an Eighth Amendment failure to protect claim against Major Henseley. However, there are no allegations about Major Henseley's involvement in the placement of, or refusal to transfer, inmate # NS8212 from Jefferson's cell. Rather, Jefferson alleges that *after* the assault by inmate # NS8212, Henseley placed a different "mentally unhinged" cellmate, inmate # GC-1771, with Jefferson. (*Id*. at 8.) Jefferson further alleges that Major Henseley denied his grievance requesting single-cell status, noting that Jefferson "does not meet the criteria for single cell status," and that Jefferson is "currently housed appropriately." (*Id*. at 23.) Based on these allegations, Jefferson has failed to allege that Major Henseley acted with the requisite deliberate indifference. Jefferson has not alleged sufficient facts from which a plausible inference could be drawn that inmate # GC-1711 posed an

excessive risk to Jefferson's safety or that that Major Hensley knew of and disregarded that risk. Moreover, to the extent that Jefferson's claim against Major Henseley is based on his handling of Jefferson's grievance, this alone would not establish the requisite personal involvement to establish liability. *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants . . . who participated only in the denial of [the plaintiff]'s grievances – lacked the requisite personal involvement [in the conduct at issue]."). Accordingly, the failure to protect claim asserted against Major Henseley will be dismissed.

### D. Claims against Sorber and Little

Mr. Jefferson again names Secretary Little and Superintendent Sorber in the Third Amended Complaint but alleges no facts about their involvement in the incidents he describes. Individuals must have personal involvement in the unconstitutional conduct to be liable. *See Rode*, 845 F.2d at 1207. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020). Nor has Jefferson alleged a basis for supervisory liability against Little and Sorber. He has not alleged that Little or Sorber, "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). Nor has he alleged that Little or Sorber "participated in violating [his] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

Accordingly, Jefferson's claims against Secretary Little and Superintendent Sorber will be dismissed.

### E. Claims against Liutenant John Doe #1

Mr. Jefferson fails to state a plausible constitutional claim against Lieuteant Doe. Jefferson alleges that Lieutenant Doe told Jefferson that he would talk to Rodolf and Tucker about their "retaliation and retribution" against Jefferson and suggested that Jefferson "write to [the] superintendent" about his concerns. (3d Am. Compl. at 7.) These allegations do not support an inference that Liutenant Doe was deliberately indifferent to a substantial risk of serious harm faced by Jefferson. Accordingly, Jefferson's claims against Lieutenant Doe will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Jefferson's Third Amended Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Jefferson's Eighth Amendment failure to protect claim against Defendants Luquis, Grenevich, Major Clark and Major Terra and his First Amendment retaliation claim against Defendant Luquis pass statutory screening and will be served for responsive pleadings. His claims against Defendants Jamie Sorber, George Little, Major Henseley, and Lieutenant John Doe #1 will be dismissed.

An appropriate Order follows.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. McHUGH, J.**